# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PAULA ZELESNICK, | Case No. 1:21-cv-1740 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | |
| USA MARINES, *et al.*, | |
| Defendants. | |

## ORDER

*Pro se* Plaintiff Paula Zelesnik filed this action against the United States Marines, All Branches of Service, Crane Aerospace, CLE Ohio, Cincinnati Ohio, Dayton Ohio, and Columbus Ohio. Her Complaint contains no coherent facts and no legal claims. She seeks $2,000,000,000.00 in damages. She also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2.) That Application is granted.

### STATEMENT OF FACTS

Plaintiff's Complaint is difficult to decipher. She claims the United States government positioned itself at the GE aircraft division, and specifically in the advanced mechanical design department. She avers that the mechanical design department was under the supervision of then-Ohio Governor George Voinovich, the Mayor of Cincinnati, and President Bill Clinton. She states these individuals attended, reviewed, and intervened in all of the designs of military engines for the United States. She states that she was not working at GE when the engines were cancelled by President Obama in 2011. She alleges she tried for two decades to

remove her signature from GE's "JSF HPTR aft retainer and in the interim from P & W's JSF HPTR aft retainer" but her requests were met with "blacklisting, firings, beatings, lawsuits and multiple false incarcerations by GE and Wright-Patterson Air Force Base under Sherrod Brown, Steve Cabot, Mike Turner, Rob Portman and Gov Mike Dewine." (ECF No. 1, PageID #2.) She states she filed lawsuits in Cleveland, Dayton, Columbus and Cincinnati and is continually threatened by Cleveland federal employees. She does not identify a legal claim she wishes to pursue.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim on which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.

*Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

To meet federal notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, the complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's complaint does not contain coherent facts and does not provide any indication of the legal claims she seeks to assert. She fails to state a plausible claim against the Defendants on which relief may be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: December 15, 2021

                                    J. Philip Calabrese
                                    United States District Judge
                                    Northern District of Ohio